IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH F. GREEN,

                Plaintiff,

v.                                               OPINION and ORDER

GOV. ANTHONY EVERS and                       22-cv-605-wmc[1]
STATE PUBLIC DEFENDERS BOARD,

                Defendants.

---

      Pro se plaintiff Joseph F. Green contends that he waited over four months after state-court criminal charges were filed against him for a defense attorney to be appointed to represent him and for a preliminary hearing. He seeks leave to proceed in forma pauperis and has made an initial payment of the filing fee.

      The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that Green's complaint must be dismissed, but I will give him an opportunity to file an amended complaint that corrects the deficiencies I describe in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

ALLEGATIONS OF FACT

Green was detained on January 21, 2022, on charges he says were false in Dane County Circuit Court Case No. 2022CF338. Green's initial appearance took place two weeks later, and he then waited nearly four more months to be appointed a lawyer and for a preliminary hearing. He says that this delay also prejudiced him in a related extended supervision revocation process, and that his parole agent inappropriately inserted himself into the investigation in the Dane County case and caused confusion over the victim's identity. Green also says that a circuit court judge and the clerk of circuit court denied his pro se requests for transcripts and discovery even though he was represented by counsel who was ineffective at conducting discovery.

ANALYSIS

Green filed this lawsuit after the criminal charges were dismissed. He contends that the delay he experienced violated his constitutional right to counsel and to due process, that his lawyer provided ineffective assistance, and that the circuit court's denial of his transcript and discovery requests violated *Brady v. Maryland*, 373 U.S. 83 (1963). There are three problems with Green's complaint that require its dismissal.

First, Green cannot proceed on any claim arising from his discovery-related allegations. An ineffective assistance of counsel argument must be raised in a petition for habeas corpus, not in a civil rights lawsuit. *See Scott v. Evers*, No. 20-cv-1839-PP, 2021 WL 872170, at *2 (E.D. Wis. Mar. 9, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) ("A plaintiff . . . arguing that his criminal defense counsel provided ineffective assistance must bring a petition for habeas corpus under 28 U.S.C. § 2254, not a civil lawsuit under § 1983.")). As for the circuit court's rulings on plaintiff's discovery requests, it is the prosecution's duty to

2

disclose exculpatory evidence, not the court's duty. *See Brady*, 373 U.S. at 87 (holding that the suppression of material, exculpatory evidence by the prosecution violates due process). Regardless, this federal court does not have appellate authority over state courts, which means that I cannot review the state circuit court's rulings Green challenges here. *Sykes v. Cook Cnty. Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016).

Second, I cannot grant any of the relief Green seeks. He asks to be assigned to a new probation office and to "dismiss [the] current charges" presumably pending in a case other than closed Dane County Case No. 2022CF338, Dkt. 1 at 6, but this court does not have the authority over the Wisconsin Department of Corrections or the state courts to issue either order. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("[t]he federal courts have no general power to compel action by state officials[.]"). Green also asks to be joined as a plaintiff in Brown County Circuit Court Case no. 2022CV1027, a pending class action lawsuit alleging unreasonable public defender appointment delays. But this court cannot intervene in that state court matter to order that Green be joined as a party. *See In re Campbell*, 264 F.3d 730, 731–32 (7th Cir. 2001) (generally, a federal court cannot "issue mandamus to a state judicial officer to control or interfere with state court litigation."). Green may contact the attorneys who represent the plaintiffs and the class members in that case.

Third, Federal Rule of Civil Procedure 8 requires the plaintiff to provide fair notice to each defendant about what he or she did wrong. Green names Governor Anthony Evers and the State Public Defenders Board as defendants in the caption, but the complaint does not explain why Green is suing these defendants. Green names two Dane County circuit court judges, the clerk of the circuit court, and his parole agent in the complaint, but I cannot assume

3

that he means to sue any individual not also named in the caption or otherwise identified as a defendant.

Nor can Green proceed against any of these individuals based on his allegations. Judges are immune from liability for their judicial acts, and clerks of court are immune from liability when performing functions entwined with the judicial process. *See Stump v. Sparkman*, 435 U.S. 349, 354 (1978) (judges are absolutely immune for their judicial decisions); *Bogan v. Barrett*, No. 19-C-372, 2019 WL 2124478, at *4 (E.D. Wis. May 15, 2019) (clerk of Milwaukee circuit court is immune from liability for performing administrative functions related to the judicial process). Green's parole agent is also immune from suits challenging conduct "intimately associated with the judicial phase of the criminal process." *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018). Here, Green alleges that his agent caused confusion over the victim's identity, but there is no suggestion that this was prejudicial to Green or that this confusion affected Green's criminal case.

I will dismiss Green's complaint, but the court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). I will allow Green an opportunity to file an amended complaint that corrects the deficiencies I have described in this order. If Green decides to file an amended complaint, he must use the court's prisoner complaint form, which I will send him with this order. He should name everyone he wants to sue in the caption of the form and explain who they are and what actions each of them took that violated his rights. The amended complaint will act as a complete substitute for the complaint. As required under § 1915, I will screen only the allegations made and the claims presented in the amended

complaint to determine whether they state a claim upon which relief may be granted. If Green does not file an amended complaint by the deadline indicated below, I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Joseph F. Green's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until April 7, 2023, to file an amended complaint that corrects the deficiencies described in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely.

4. The amended complaint will act as a complete substitute for the complaint. The case will proceed on only the allegations made and claims presented in the amended complaint.

5. If plaintiff fails to respond by that deadline, I will dismiss this lawsuit.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered March 17, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge